UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAM BRENNAN,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ; CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | No. 2:20-CV-01403-KJM-DMC<br><br><br><br>ORDER |

Plaintiff moves for a temporary restraining order to prohibit defendants from continuing to impose parole conditions, supervising him through ankle monitoring, unwarranted searches and seizures, and restricting his ability to travel and engage in other lawful activities. ECF No. 6. Defendants did not oppose; the matter was submitted on the papers and defendants now request an extension of time to file opposition. ECF Nos. 8, 12 & 13. For the reasons discussed below, the court GRANTS plaintiff's motion and DENIES defendant's request, but sets the matter for hearing on whether a preliminary injunction should issue.

**I.     BACKGROUND**

Defendant was released from prison on July 14, 2020. Legal Status Summary, ECF No. 7-2, at 1. His parole was scheduled to expire five years from July 14, 2014, on or about July 14, 2019. *Id*. On July 10, 2020, plaintiff filed his complaint against defendants asserting the

1

following claims: (1) violation of due process under 42 U.S.C. § 1983; (2) unreasonable searches and seizures, 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1; (3) negligence; and (4) false imprisonment, 42 U.S.C. § 1983 and Cal Civ. Code § 52.1. *See generally* Compl., ECF No. 1. On July 30, 2020, plaintiff filed the instant motion for a temporary restraining order and the following day, the court granted defendants fourteen days to file a response. Mot. for TRO ("TRO"), ECF No. 6; July 31 Min. Order, ECF No. 8. Noting defendants' non-opposition, plaintiff requested the court grant his motion for TRO, ECF No. 11. On October 2, 2020, the court submitted the matter on the papers and on the same day defendants requested an extension of time to oppose plaintiff's request. ECF No. 13.

## II.  TEMPORARY RESTRAINING ORDER

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions "substantially identical").

The court finds the applicable standard is met, and plaintiff is entitled to a temporary restraining order. First, plaintiff has shown likely success on the merits of his constitutional violation claims based on prima facie evidence that plaintiff's parole was scheduled

/////

to expire approximately fifteen months ago, five years from July 14, 2014, on or about July 14, 2019. *See* Legal Status Summary at 1. Second, because plaintiff has made a prima facie showing of an alleged constitutional violation, he has made a proper initial showing that irreparable harm is imminent such that a temporary restraining order is necessary to preserve the status quo until this matter can be brought on for hearing on plaintiff's motion for preliminary injunction. *See Basank v. Decker*, 449 F. Supp. 3d 205, 213 (S.D.N.Y. 2020) ("it is well-settled that an alleged constitutional violation constitutes irreparable harm"). Third, the balance of hardships tips strongly in plaintiff's favor because defendants did not timely oppose plaintiff's motion for TRO. Fourth, the public interest favors injunctions to protect an alleged constitutional violation.

Accordingly, defendants are TEMPORARILY RESTRAINED as follows:

1. The CDCR and its agents shall not, until further notice, subject plaintiff Richard Brennan to parole conditions; and
2. The above temporary restraining order shall be effective immediately and no bond is required at this time.

### III.     ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Defendants are ORDERED to appear by videoconference, on **October 27, 2020** at **10 a.m.** before the undersigned to show cause why a preliminary injunction should not be granted and why the temporary restraining order set forth above should not be extended such that defendants are restrained and enjoined pending trial.

Any opposition papers to the requested injunction shall be filed with the Clerk no later than October 20, 2020, at 4:00 p.m., and, if any documents are submitted in camera and not filed via the CM/ECF system, those documents shall be served electronically on plaintiff's counsel at that time.

Any reply papers in support of the requested injunction shall be filed no later than October 23, 2020 at 4:00 p.m. and served by electronic delivery on defendants or their counsel at that time.

The temporary restraining order granted here shall expire on October 27, 2020, absent further order of this court.

1       This order resolves ECF Nos. 6, 13.

2       IT IS SO ORDERED.

3   DATED: October 13, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE