UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard William Brennan, | No. 2:20-CV-01403-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| Kathleen Allison, in her official capacity; California Department of Corrections,[1] | |
| Defendants. | |

Plaintiff Richard William Brennan seeks a preliminary injunction arguing his lawful parole period expired on or about July 14, 2019. This court previously granted Mr. Brennan's unopposed request for a temporary restraining order ("TRO") prohibiting defendants from continuing to impose parole conditions, supervising Mr. Brennan through ankle monitoring, subjecting Mr. Brennan to unwarranted searches and seizures, and restricting Mr. Brennan from traveling and engaging in otherwise lawful activities while on parole. Order (Oct. 14, 2020), ECF No. 14. The court ordered defendants to appear at a Show Cause Hearing regarding the preliminary injunction. *Id.* at 3. Defendants opposed the preliminary injunction and now move to

---

[1] Former Secretary Ralph Diaz was named in this suit in his official capacity. As the parties discussed at hearing on October 27, 2020, moving forward, current Secretary Kathleen Allison will be substituted for Diaz based on Federal Rule of Civil Procedure 25.

1

dismiss. Prelim. Inj. Opp'n, ECF No. 15; Mot. to Dismiss ("MTD"); ECF No. 16.[2] For the reasons discussed below, the court **denies** plaintiff's request for preliminary injunction and **grants** the defendants' motion to dismiss.

I. BACKGROUND

On June 8, 2012, Mr. Brennan pled guilty in state court to one count of lewd and lascivious act upon a child under the age of 14, under California Penal Code section 288(a). Compl. ¶ 8, ECF No. 1; June 8, 2012 Plea at 5, Suppl. Opp'n Ex. C., ECF No. 21. A conviction under Penal Code section 288(a) carries a maximum parole period of 10 years. Compl. ¶ 9; *see* Cal. Pen. Code § 3000(b)(2). According to a Legal Status Summary from 2012, Mr. Brennan's parole was scheduled to expire five years from July 14, 2014, on or about July 14, 2019. Compl. ¶¶ 9–10; 2012 Legal Status Summary at 1, ECF No. 7-2. On July 14, 2014, Mr. Brennan was released from prison. Compl. ¶ 9. At that point, the California Department of Corrections and Rehabilitation ("CDCR")[3] mistakenly placed Mr. Brennan on a parole period lasting twenty years and six months, the maximum parole period for a violation of Penal Code section 288a. *Id.*; Martins Decl. ¶ 21, ECF No. 15-3; Defs.' Ex. 6, ECF No. 15. On February 24, 2016, the CDCR reduced Mr. Brennan's parole period to ten years to align with the maximum parole period actually allowed for Mr. Brennan's section 288(a) conviction. *See* Martins Decl. ¶ 21; *see also* Cal. Pen. Code § 3000(b)(2).

On or about August 30, 2019, Mr. Brennan moved to reduce his parole to five years in state court, based on the 2012 Legal Status Summary. Compl. ¶ 11. That court found Mr. Brennan had to appeal the length of his parole term within CDCR. *Id.* In October 2019,

---

[2] Plaintiff has now filed supplemental material, which includes a transcript from a state court proceeding in which a judge mentions a 3-year parole period. ECF No. 32. The supplement was filed two months after the motions were submitted and without leave of court. Plaintiff also has filed a new motion for preliminary injunction. ECF No. 34. Defendants oppose consideration of the supplement and the new motion. ECF No. 35. As both were filed without leave, the court disregards the supplemental brief and transcript. The new motion will be dismissed as moot in light of the conclusions reached in this order.

[3] The complaint names California Department of Corrections as a defendant but this order refers to the agency by its current full name.

2

1   Mr. Brennan filed an appeal with CDCR to reduce his parole to five years. *Id.* ¶ 12; Pl.'s Ex. C,

2   ECF No. 25-3. CDCR denied the appeal on December 3, 2019, explaining Mr. Brennan's lawful

3   parole period was ten years. Defs.' Ex. 5, ECF No. 15. On July 10, 2020, Mr. Brennan filed his

4   complaint here against defendants asserting the following claims: (1) violation of due process

5   under 42 U.S.C. § 1983; (2) unreasonable searches and seizures, 42 U.S.C. § 1983 and Cal. Civ.

6   Code § 52.1; (3) negligence; and (4) false imprisonment, 42 U.S.C. § 1983 and Cal. Civ. Code §

7   52.1. *See generally* Compl., ECF No. 1.

8       On July 30, 2020, Mr. Brennan filed his motion for a temporary restraining order. Mot.

9   for TRO ("TRO"), ECF No. 6. Defendants did not timely oppose, ECF No. 8; ECF No. 11, and

10  the court granted the TRO, Order (Oct. 14, 2020), ECF No. 14. The court provided defendants an

11  opportunity to show cause why a preliminary injunction should not be granted. *Id*. at 3.

12      On October 20, 2020, the defendants opposed the preliminary injunction. ECF No. 15.

13  Mr. Brennan did not reply. On October 27, 2020, the court held a hearing by videoconference,

14  with counsel Stratton Barbee appearing for plaintiff, and counsel Andrea Moon and Joe Wheeler

15  for all defendants. At hearing, the court ordered the parties to submit supplemental briefing on

16  the issue of whether Mr. Brennan's claims are barred under *Heck v. Humphrey*, 512 U.S. 477

17  (1994)*.* ECF No. 18. On November 3, 2020, defendants filed a supplemental opposition. ECF

18  No. 21. On November 11, 2020, Mr. Brennan replied. ECF No. 25.[4]

19      Also, on October 20, 2020, defendants moved to dismiss. MTD, ECF No. 16-1. On

20  November 27, 2020, Mr. Brennan opposed. MTD Opp'n, ECF No. 27. On December 1, 2020,

21  the court submitted this motion on the papers. ECF No. 28. On December 4, 2020, defendants

22  replied. MTD Reply ECF No. 29. On December 11, 2020, Mr. Brennan requested the court

23  consider his eleven page "surrebuttal" to defendants' reply in lieu of oral argument, ECF No. 30,

24  and defendants opposed, ECF No. 31. The court **denies** the request.[5]

---

25  [4] The court **grants** plaintiff's unopposed motion to disregard the initial Reply. ECF No. 26.
26  Though plaintiff's counsel would have ideally conferred with opposing counsel and requested an
    extension with the court before the filing deadline, opposing counsel does not oppose the motion
27  and the court finds there is no prejudice.

28  [5] Even if the court were to consider the filing, its contents would not alter the court's decision on

## II. LEGAL STANDARD

### A. Preliminary Injunction

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing" that the moving party is entitled to this relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). As provided by Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative position of the parties pending a trial on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The party seeking injunctive relief must show it "is likely to succeed on the merits, . . . is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Before the *Winter* decision, the Ninth Circuit employed a "sliding scale" or "serious questions" test, which allowed a court to balance the elements of the test "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). The Circuit has found its "serious question" sliding scale test survived *Winter*. A court may issue a preliminary injunction when the moving party raises serious questions going to the merits and shows the balance of hardships tips sharply in its favor, so long as the court also considers the remaining two prongs of the *Winter* test. *Cottrell*, 632 F.3d at 1134–35. Yet a court need not reach the other prongs if the moving party cannot demonstrate a "fair chance of success on the merits" to begin with. *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (quoting *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2008)) (internal quotations omitted). "[L]ikelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' [a court] need not consider the other factors." *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (citing *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017)). The "relevant inquiry" of whether plaintiffs have shown a likelihood of success on the merits is "whether they are likely to prevail on the

---

this motion.

causes of action they assert in their complaint." *Timbisha Shoshone Tribe v. Salazar*, 697 F. Supp. 2d 1181, 1187 (E.D. Cal. 2010).

   B.  Motion to Dismiss

  A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

  A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

  This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) quoted in *Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network*, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may

/////

1 look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on
2 12(b)(6) motion).

3 **III.    DISCUSSION**

4     A.    <u>Preliminary Injunction</u>

5     Mr. Brennan seeks to enjoin defendants from imposing parole conditions because, he says, his lawful parole period has expired.  Defendants oppose, arguing Mr. Brennan cannot succeed on the merits because 1) his claims are barred by *Heck v. Humphrey* given that he is lawfully on parole, 2) his claim against Secretary Allison is not properly alleged under §1983, and 3) his claims against Secretary Allison and CDCR are barred by Eleventh Amendment immunity and state law.  Prelim. Inj. Opp'n at 2–3.  Further, defendants argue Mr. Brennan is lawfully on parole, and thus cannot show an injunction is proper based on the danger of irreparable harm, the balance of equities, or the public interest.  *Id.* at 7–9.

13     In his reply, Mr. Brennan argues *Heck* does not bar his claim because he is not challenging the validity of his conviction.  Reply at 3, ECF No. 25.  Specifically, Mr. Brennan argues *Heck* is inapplicable because his lawful parolee period has ended, making his continued parolee status unlawful and a violation of his Fourth Amendment rights.  *Id.* at 2.  Mr. Brennan further argues injunctive relief is appropriate because he will suffer constitutional harm if his parole conditions continue.  *Id.* at 5–9.  Mr. Brennan also claims Secretary Allison is properly named as a defendant in his § 1983 claim under supervisory liability.  *Id.* at 9.  Finally, Mr. Brennan concedes CDCR may be immune from his § 1983 claim but contends CDCR is properly named as a defendant in state tort claims.  *Id.* at 11.

22     As Mr. Brennan fails to meet the threshold requirement of likely success on the merits based on the evidence he has presented regarding the length of his parole period and the application of *Heck*, the court reaches its conclusion without considering the parties' other arguments, as explained below.  *See Azar*, 911 F.3d, at 575.

26     1.    <u>Plaintiff's Parole Period</u>

27     Defendants insist, despite the 2012 Legal Status Summary Mr. Brennan received while still incarcerated, his parole period is properly calculated as ten years with a projected end date of

November 19, 2024.  Prelim. Inj. Opp'n at 2–3; Defs.' Ex. 5; Defs.' Ex. 6; Martins Decl., ¶ 20. Furthermore, all of Mr. Brennan's discharge documentation properly shows a ten-year parole period.  Prelim. Inj. Opp'n at 6; DSL Release Date Calculation, Defs.' Ex. 4, ECF No. 15; 2020 Legal Status Summary, Defs.' Ex. 3, ECF No. 15 (legal status summary with date stamp of October 16, 2020 identifying parole period of ten years).  Defendants' claim the shorter parole period to be a "scrivener's error," Prelim. Inj. Opp'n at 6, making it the second administrative or clerical error defendants made in calculating Mr. Brennan's parole period.  *Id.* at 5; Compl. ¶ 9.

Mr. Brennan disputes the characterization of the five-year parole period as a "scrivener's error."  Reply at 4.  Mr. Brennan is aware his parole was reduced from twenty to ten years in 2016, Compl. ¶ 9; Defs.' Ex. 5; Carroll Decl., ECF No. 15-1, but fails to point to any evidence in the record of further reduction.  At the hearing before this court, Mr. Brennan's counsel argued the transcript of his 2012 state court sentencing supported Mr. Brennan's claim because the sentencing court improperly left the determination of Mr. Brennan's parole term completely to the discretion of CDCR.  However, the transcript does not demonstrate improper deference. Rather, the sentencing judge postponed establishing a probationary sentence until CDCR completed a report covering Mr. Brennan's eligibility for probation "pursuant to Penal Code § 1203.066."  *See* June 8, 2012 Plea at 7 ("The case is referred to the probation department for the preparation of a presentence investigation and report"); Cal. Pen. Code § 1203.066 (prohibiting probation for defendant who violated § 288 and falls into one of nine categories).  Therefore, Mr. Brennan's case rests on a single document whose accuracy is now called into question. Considering the evidence before this court indicating Mr. Brennan is lawfully on parole for a total ten-year period, the court finds Mr. Brennan is unlikely to succeed on the merits, particularly in light of *Heck*.

        2.      Application of *Heck*

*Heck v. Humphrey* bars a § 1983 action for damages or injunctive relief if judgment in favor of the plaintiff would "necessarily imply the invalidity" of plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence has previously been invalidated. 512 U.S. at 486–88; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to civil rights

actions seeking injunctive relief). Generally, invalidation requires the sentence or conviction be "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. It is well established that *Heck* applies to certain claims by parolees. *See Thornton v. Brown*, 757 F.3d 834, 845–46 (9th Cir. 2013) (applying *Heck* but finding request to enjoin GPS monitoring and residency restrictions not barred by *Heck*). A state parolee can bring a § 1983 challenge to parole conditions, if his success "would neither result in speedier release from parole nor imply. . . the invalidity of the criminal judgments underlying that parole term." *Thornton,* 757 F.3d at 845–46.

Here, Mr. Brennan challenges the fact and duration of his parole, seeking an "injunction terminating [Mr. Brennan's] parole." Compl. Prayer for Relief. In fact, Mr. Brennan argues "[t]he issue before this court is whether [Mr. Brennan] should even be on parole." Reply at 3. Mr. Brennan "does not challenge the terms of his parole, the conditions of his incarceration, or the validity of his conviction." *Id.* Mr. Brennan contends defendants are violating his Fourth Amendment rights and a challenge to this violation is not *Heck* barred. *Id*. The Ninth Circuit has found *Heck* does not bar a Fourth Amendment challenge by a prisoner or parolee, but only when the challenge does not "necessarily imply the invalidity of [the] state court convictions" or sentence. *Szajer v. City of Los Angeles*, 632 F.3d 607, 612 (9th Cir. 2011) (finding plaintiffs' § 1983 action alleging the unlawful search of plaintiffs' store and home was barred by *Heck*); *Whitaker v. Garcetti*, 486 F.3d 572, 584 (9th Cir. 2007).

By Mr. Brennan's own characterization of his argument, it appears he is challenging the validity of his court-imposed parole sentence, rather than the conditions placed on him by CDCR in its discretion. *See Thornton*, 757 F.3d at 844 (distinguishing between challenges to conditions placed on parole by an administrative body and challenges that would "shorten [or] alter any sentence or judgment of a state court"). As Mr. Brennan's success in his challenge would necessarily shorten and terminate his parole, *Heck* applies.

Mr. Brennan does not show his ten-year parole period was invalidated or sufficiently argue *Heck* does not apply for any other reason. Thus, *Heck* bars Mr. Brennan's claims. *See*

*Thornton*, 757 F.3d at 841 (finding challenges to parole fall under *Heck* if they affect the "fact or duration" of parole). As the claims are barred, Mr. Brennan fails to show likelihood of success on the merits for this reason as well. Therefore, the court denies Mr. Brennan's request for a preliminary injunction.

### B. Motion to Dismiss

Defendants move to dismiss this matter, asserting arguments that mirror their arguments against the preliminary injunction. MTD at 1–2. Similarly, Mr. Brennan makes the same arguments to oppose defendants' motion to dismiss as he did in support of the preliminary injunction. *See generally* MTD Opp'n. As discussed above the evidence presented shows Mr. Brennan is lawfully on parole and his claims are *Heck* barred. Thus, the court grants the motion to dismiss without prejudice.

The court denies Mr. Brennan leave to amend. In light of the application of *Heck*, amendment is futile as there was no proceeding overturning Mr. Brennan's underlying conviction or sentence. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. CONCLUSION

The court **denies** plaintiff's request for a preliminary injunction (ECF No. 6). The court **grants** defendants' motion to dismiss (ECF No.16). The court **grants** plaintiff's unopposed ex parte request to disregard the initial Reply (ECF No. 26). The court **denies** plaintiff's opposed request to file a surrebuttal (ECF No. 30). The court **denies** as moot the plaintiff's second motion for a preliminary injunction (ECF No. 34).

This order resolves ECF Nos. 6, 16, 26, 30, and 34.

IT IS SO ORDERED.

DATED: January 12, 2022.

CHIEF UNITED STATES DISTRICT JUDGE