UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard William Brennan, | No. 2:20-cv-01403-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Kathleen Allison in her official capacity; California Department of Corrections, | |
| Defendants. | |

Richard Brennan moves for relief from judgment. For the reasons below the court **denies the motion**.

**I.    BACKGROUND**

In 2019, Richard Brennan sought to reduce his parole in state court, arguing his parole period was only supposed to last five years, rather than the ten years the defendants' claimed. Compl. ¶¶ 10–11, ECF No. 1. The state court found Brennan had to appeal the length of his parole term within the California Department of Corrections and Rehabilitation (CDCR). *Id.* ¶ 11. Brennan's argument rested on a Legal Status Summary prepared by the CDCR following his conviction. *See* 2012 Legal Status Summary at 1, ECF No. 7-2. While the Legal Status Summary indicated his parole should have expired on July 14, 2019, *id.*, the CDCR found his lawful parole period was ten years, with a discharge date of November 19, 2024, Defs.' Ex. 5,

ECF No. 15; *see also* Martins Decl. ¶ 11, ECF No. 15-3.  While it is not clear whether the CDCR reviewed the sentencing transcript as well as the Legal Status Summary, the CDCR noted that "[t]he Sentencing Transcripts and Plea Agreements are an official recording of a legal proceeding at the time of sentencing but do[ ] not prevail over California law."  Defs.' Ex. 5 at 34.[1]  When he later filed this case, Brennan argued that "the submission of his parolee appeal" indicated "compliance with Government Code section 910."  Compl. ¶ 12.  Section 910 governs "the contents of claims against both the state and local entities" and requires plaintiffs to specify the "'circumstances of the occurrence or transaction which gave rise to the claim asserted'. . . ." *City of Stockton v. Superior Ct.*, 42 Cal. 4th 730, 738 (2007) (quoting Cal. Gov't Code § 910(c)).  "The purpose of the claims statutes is not to prevent surprise, but to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *Id.* (quotations and citations omitted).

This court held a hearing on plaintiff's request for a preliminary injunction.  Mins. for Hr'g (Oct. 27, 2020), ECF No. 18.  During the hearing, plaintiff's counsel argued the Legal Status Summary was controlling for the purposes of determining plaintiff's parole period.  Mot. at 3, ECF No. 42.  Counsel's position was based on "a transcript of the sentencing hearing showing that the California Superior Court did not specify a parole period, but rather, left the parole period up to the CDCR."  *Id.*  The court ordered counsel to file the transcript and directed parties to file supplemental briefing on the issue.  Mins. for Hr'g, ECF No. 18.  After plaintiff shared it with them, defendants filed the transcript from Brennan's plea hearing—but not the sentencing hearing—, which bore out Brennan's assertion that the sentencing judge directed CDCR to complete a report on Brennan's probation eligibility.  *See* June 8, 2012 Plea at 5, Suppl. Opp'n Ex. C, ECF No. 21.  After the court submitted Brennan's request for a preliminary injunction and the defendants' motion to dismiss, ECF No. 16, "plaintiff's counsel received [Brennan's] sentencing transcript from the Plumas County Superior Court" Mot. at 4, ECF No. 42, which he then filed with the court without seeking leave to supplement the submitted motions.  The

---

[1] The citations to Defendants' Exhibit 5 use the page numbers automatically generated by the court's CMS/ECF filing system.

sentencing transcript reflected that the Superior Court judge sentenced Brennan to a three-year parole period, Sentencing Tr. at 6, ECF No. 32, rather than the five-year period Brennan had asserted in connection to seeking relief from parole conditions in this court.

This court denied Brennan's request for a preliminary injunction and granted the defendants' motion to dismiss, closing the case. Prev. Order (Jan. 13, 2022) at 9, ECF No. 39. In doing so, the court disregarded the supplemental sentencing transcript and other filings, which were filed after the motions were submitted and without leave of court. *Id.* at 2 n.2.

Brennan now moves for relief from judgment. Mot., ECF No. 42. The parties briefed the motion and the court submitted it without oral argument. Opp'n, ECF No. 44; Reply, ECF No. 45; Min. Order, ECF No. 46.

## II. LEGAL STANDARD

As relevant here, a party may seek relief from a judgment or order under Federal Rule of Civil Procedure 60(b), for "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or "any other reason that justifies relief." The Ninth Circuit Court of Appeals has observed that "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), should be "liberally applied to accomplish justice." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quotations omitted). At the same time, "[j]udgments are not often set aside under Rule 60(b)(6)." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Rather, this section should be applied "sparingly as an equitable remedy to prevent manifest injustice," *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (citation omitted), or to correct a clear error, *Gagan v. Sharar*, 376 F.3d 987, 992 (9th Cir. 2004).

## III. ANALYSIS

Brennan's sole ground for seeking relief from judgment is his belief that the transcript demonstrating the court imposed a three-year parole period, Sentencing Tr. at 6, amounts to an "indisputable, undeniable fact" that his parole expired on July 14, 2017. Mot. at 4. Plaintiff's counsel argues "[i]t was not until on, or after, the preliminary injunction hearing that [he] realized that he did not have the sentencing transcript, but rather, he had plaintiff's change of plea transcript." Reply at 3.

Defendants contend the sentencing transcript does not provide sufficient support for the court to grant Brennan relief from judgment. They point out that the sentencing transcript is not "newly discovered evidence" as the sentencing, which Brennan and his then counsel attended, occurred nearly eight years before Brennan filed this case and plaintiff's counsel "has not established that he was unable to obtain a copy the transcript despite reasonable diligence." Opp'n at 4.

The court agrees the transcript is not "newly discovered" as it "could have been discovered" before the court submitted the prior motion here, had plaintiff's counsel engaged in "reasonable diligence." *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987). Moreover, the court is not in a position to find the three-year parole period is "indisputable" as Brennan claims. As the complete record of the state court proceedings has not been lodged with this court, the slim record here does not foreclose the possibility that Brennan's parole period was extended beyond three years. *See* Sentencing Tr. at 6 ("Any violation of parole, either because [Brennan] absconded or w[as] in custody, will not be counted towards the parol period"). Brennan himself signaled that his parole period was at least five years, *see* Compl. ¶ 8, and he has not explained why he was mistaken in that regard. While it is unclear whether the contents of the sentencing transcript would affect the outcome of any appeal within CDCR, the proper course of action is for Brennan to appeal his parole sentence through the mechanisms the state has in place, and in accordance with the Government Claims Act. Prev. Order (Jan. 13, 2022) at 2–3; Compl. ¶¶ 11–12 (noting that before Brennan filed this complaint the state court found he had to appeal the length of his parole term within CDCR). On the record before this court, Brennan has "not show[n] his ten-year parole period was invalidated or sufficiently argue[d] *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] does not apply for any other reason" as this court previously found. Prev. Order (Jan. 13, 2022) at 8. The sentencing transcript does not provide grounds for relief from judgment.

/////

/////

## IV.  CONCLUSION

The court **denies Brennan's motion for relief from judgment (ECF No. 42)**.

IT IS SO ORDERED.

DATED: June 3, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE